## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDRIKA M. MILLER and | ) | |
| GARY L. SAUER, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 21-00069-JB-N |
| | ) | |
| COASTLINE MANAGEMENT and | ) | |
| BEACHCOMBER HOMEOWNER | ) | |
| ASSOCIATION, INC, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

This civil action is before the Court *sua sponte* on review of the amended complaint (Doc. 15) filed by Plaintiff Fredrika M. Miller, who is proceeding without counsel (*pro se*) and *in forma pauperis*.[1] Miller's complaint is subject to screening under 28 U.S.C. § 1915(e)(2) because the Court granted her request for leave to proceed *in forma pauperis*. (*See* Doc. 13). Upon consideration, the undersigned **RECOMMENDS** that Miller's amended complaint be **DISMISSED with prejudice**.

## I.    *Background*

Miller initially filed a complaint on the Court's form alleging that Coastline Management and Beachcomber Homeowner Association, Inc. (collectively, "Defendants") violated federal laws prohibiting the operation of racketeer influenced and corrupt civil organizations and embezzlement as well as an Alabama state law

---

[1] The assigned District Judge has referred the amended complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/19/2021 electronic reference).

criminalizing elder abuse. (Doc. 1, PageID.4). Specifically, Miller claimed that Defendants deliberately imposed physical and financial conditions "making it impossible for Fredrika M. Miller and her mother," as co-owners of the contested property located at 105 E. 4th St. Unit 106, Gulf Shores, Alabama 36542, to stay in their property. (Doc. 1, PageID.4). After reviewing the compliant, the Court ordered Miller to file an amended complaint (1) alleging facts sufficient to determine whether then-Plaintiff Gary L. Sauer had standing; and (2) addressing defects with her claims based on criminal statutes and the civil RICO statute. (Doc. 14). Miller complied, submitting an amended complaint that removes Sauer as a party and attempts to add the estate of Miller's mother—Ozell C. Miller—as a plaintiff.[2] (*See* Doc. 15). In her first amended complaint, Miller alleges Defendants: (1) violated 18 U.S.C. § 641, Ala. Code. § 13A-8-2.1, and Title 38, Chapter 9 of the Alabama Code generally by stealing her property; (2) discriminated against her and her mother in violation of the Fair Housing Act—specifically, 42 U.S.C. §§ 3601, 3605.[3]

---

[2] Ozell C. Miller's name is spelled differently throughout the complaint. For example, Miller generally refers to her mother as "Ozell," but the copy of her mother's will attached to the first amended complaint refers to "Ozelle." The undersigned uses Miller's spelling of her mother's name: "Ozell."

[3] In an addendum to her first amended complaint, Miller notes that the Court identified defects in the civil RICO claim in her original complaint. (Doc. 15, PageID.90). Instead of attempting to replead this claim in her amended complaint, Miller asks the undersigned for advice on whether a civil action is permitted under the RICO statute. (*See* Doc. 15, PageID.90). However, the undersigned cannot provide Miller with legal advice or serve as her "*de facto* counsel . . . ." *See Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011). Miller failed to reallege any civil RICO claim in her first amended complaint, which supersedes her original complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam). Accordingly, Miller's

## II.  *Legal Standard*

After a party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, courts must screen the underlying complaint for various defects. Specifically, this screening procedure mandates the following:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 12(b)(6) standards apply in determining whether a claim screened under § 1915(e)(2)(B) fails to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court explained the framework for screening a *pro se* complaint under § 1915(e)(2)(B)(ii) as follows:

> Of course, courts hold complaints authored by *pro se* litigants to a less stringent standard, and construe them more liberally than pleadings drafted by attorneys. *See, e.g., Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nevertheless, a *pro se* litigant's complaint still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All litigants, regardless of whether they are proceeding with the aid of counsel or *pro se*, must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, even though a district court must interpret the pleadings of *pro se* litigants more liberally than those drafted by counsel, it "may not serve as *de facto* counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

---

civil RICO claim is no longer part of the current action.

*Stone v. Stone*, No. 5:18-CV-867-CLS, 2018 WL 3368978, at *2 (N.D. Ala. July 10, 2018). While pleadings filed by *pro se* litigants are to be construed liberally, *pro se* parties are still required to "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

### III.    *Analysis*

Upon review of the amended complaint (Doc. 15), the Court discovered several defects. Miller appears to lack the capacity to bring this action on behalf of the Estate of Ozell C. Miller. Miller also fails to properly allege causes of action for violations of federal and state criminal statutes as well as the Fair Housing Act (FHA).

### A. Miller's Capacity to Serve as Executor of the Estate of Ozell C. Miller

In her first amended complaint, Miller purports to bring this action on behalf of herself and the Estate of Ozell C. Miller (hereinafter "the Estate"). Miller claims that she is the executor of the Estate and is "submitting my mother's estate as the second Plaintiff." (Doc. 15, PageID.92–94). Typically, this allegation would be enough to demonstrate Miller's authority to represent the Estate's interest in a civil action: Federal Rule of Civil Procedure 9(a)(1) establishes that "a pleading need not allege . . . a party's authority to sue or be sued in a representative capacity . . . ." Any issue with a plaintiff's capacity generally must be raised by an opposing party. Fed. R. Civ. P. 9(a). "However, where lack of capacity appears affirmatively on the face of the complaint, specific averment is unnecessary." *E.g.*, *Comstock v. Pfizer Retirement Annuity Plan*, 524 F. Supp. 999, 1002 (D. Mass. 1981); *accord* 5A Charles Alan Wright

& Arthur R. Miller, *Federal Practice and Procedure* § 1292 (4th ed. 2021) ("In the absence of a proper capacity challenge, a court may still dismiss the complaint on that basis if the lack of capacity appears on the face of the complaint.").

Here, Miller's claim that she serves as the executor of the Estate is directly contradicted by the terms of Ozell C. Miller's will, which Miller attached to the amended complaint. (*See* Doc. 15, PageID.94–99). Ozell C. Miller's will names Linda C. Rush as executor of her estate with Geraldine C. Bice appointed as an alternate executor. (Doc. 15, PageID.98). Nowhere in the will is Fredrika M. Miller named as an executor. Miller's lack of representative capacity to bring an action on behalf the Estate appears on the face of the complaint, and given the Court's role in screening potentially frivolous actions brought by litigants proceeding *in forma pauperis*, the undersigned **RECOMMENDS** that the Estate be **DISMISSED without prejudice**.

## B. Claims Based on Federal and State Criminal Statutes

Miller's claims based on federal and state criminal statutes are due to be dismissed. The Court previously warned Miller that these types of claims are only enforceable by civil litigants in certain circumstances:

> Two of [Miller's] cited causes of action—the entire chapter of the federal criminal code criminalizing embezzlement and theft as well as the Alabama criminal elder abuse chapter—do not provide for enforcement by civil litigants. *See generally* 18 U.S.C. §§ 641–670; Ala. Code §§ 13A-6-19–13A-6-201. "Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute." *Johnson v. Champions*, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014) (citing *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008)). Alabama state law also does not automatically create civil causes of action for criminal violations. *See Martinson v. Cagle*, 454 So. 2d 1383, 1385 (Ala. 1984) (holding that "civil liability will ensue only if the

> [criminal] acts complained of violate the legal rights of the plaintiff,
> constitute a breach of duty owed to the plaintiff, or constitute some cause
> of action for which relief may be granted").

(Doc. 14, PageID.76–77). The statutes Miller cites here—18 U.S.C. § 641, Ala. Code. § 13A-8-2.1, and the entirety of Title 38, Chapter 9 of the Alabama Code—do not contain provisions creating private causes of action for their enforcement. Accordingly, Miller's claims based on state and federal criminal statutes fail to state a claim upon which relief may be granted.

## C. Fair Housing Act Claims

Miller also fails to state a claim for relief under the FHA. In her first amended complaint, Miller alleges that Defendants discriminated against her and her mother by "not allowing them to occupy the unit in which they had legal rights . . . and have fully paid off." (Doc. 15, PageID.88). Miller claims that an employee of Defendants "had a personal problem" with her and her mother, which was the "reason for [many] of the delays in repairs and subsequent legal action." (Doc. 15, PageID.88). "The fact that there were two women living alone," Miller contends, "was sexual discrimination." (Doc. 15, PageID.88). Miller also notes that she has "CPTSD" and that her mother "was elderly and had to use a walker" which "led to discrimination by the HOA and Coastline Management." (Doc. 15, PageID.88). Miller states that both her and her mother "descend from American Indian, indigenous heritage." (Doc. 15, PageID.88). As for the harm Miller suffered, she claims that Defendants treated her and her mother "differently than any other tenant or owners . . . ." (Doc. 15, PageID.88). Specifically, Miller alleges that Defendants subjected them to "unlivable

6

conditions" by way of "delayed repairs" and failed to protect them from injuries caused by other tenants. (Doc. 15, PageID.88). As grounds for relief, Miller cites 42 U.S.C. § 3601 and § 3605, which codify portions of the FHA.

Even accepting Miller's factual allegations as true, she failed to state a plausible cause of action under the cited portions of the FHA. The first FHA provision cited by Miller—42 U.S.C. § 3601—does not create grounds for relief. Rather, this section sets out the general purpose of the FHA. *See* 42 U.S.C. § 3601 ("It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States."). Miller also cites § 3605, which prohibits discrimination "by any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Section 3605 applies to the "selling, brokering, or appraising" of residential real property as well as associated financial services. 42 U.S.C. § 3605(b); *see also, e.g.*, *Hall v. Lowder Realty Co.*, 160 F. Supp. 2d 1299, 1318 (M.D. Ala. 2001) (finding § 3605 prohibits "racial matching of customers with agents" as it "clearly constitutes racial 'discrimination' 'in the performance of' real-estate sales services."). Miller does not allege any facts related to discrimination in the provision of real estate transactions. Rather, Miller contends that she suffered discrimination while she lived in a condo managed by Defendants. Neither § 3601 nor § 3605 apply to this alleged discrimination. Accordingly, Miller fails to state a claim

upon which relief may be granted under the FHA.[4]

## IV.   *Conclusion*

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that:

- the Estate of Ozell C. Miller be **DISMISSED without prejudice**;

- Miller's first amended complaint be **DISMISSED with prejudice**.[5]

**DONE** this the 10th day of November 2021.

/s/*Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The undersigned construes Miller's complaint liberally given her *pro se* status. However, such leniency "does not give a court license to serve as *de facto* counsel for a [*pro se*] party or to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds, Ashcroft v. Iqbal,* 556 U.S. 1937 (2009). Miller's description of a litany of alleged wrongs encountered by her and her mother while living at a condo operated by Defendants does not correspond with the statutes cited in the amended complaint, and the undersigned discerns no other obvious grounds for relief. The undersigned cannot serve as *de facto* counsel for Miller and search for the best argument for her to pursue—especially after Miller has been given the opportunity to amend her complaint with the benefit of the Court identifying defects and clarifying legal standards for her claims (*see* Doc. 14).

[5] The general rule in this Circuit is, "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell,* 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (unpublished) (emphasis added) (citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.*"), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled parties)). The Court previously afforded Miller a chance to file an amended complaint (*see* Doc. 14), yet several defects remained. Accordingly, Miller's amended complaint should be dismissed with prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.